**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10 CR 164 |
| | ) | |
| MARLON BLADES | ) | |

**OPINION and ORDER**

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 373.) For the reasons that follow, the motion is denied.

I.     **BACKGROUND**

In 2011, Judge Rudy Lozano sentenced defendant to 188 months imprisonment following his conviction for interstate kidnapping. (DE # 221.) Defendant is currently incarcerated at FCI Stafford, with a projected release date of September 7, 2024. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov /inmateloc/ (last visited Oct. 25, 2023).

Defendant filed a *pro se* motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming he is entitled to compassionate release. (DE # 373.) A representative of the Northern District of Indiana Federal Community Defenders filed a notice of non-representation. (DE # 376.) The motion is fully briefed and ripe for ruling.

II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment

once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however,

one of which allows a court to grant a convicted defendant compassionate release if the

defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant

a moving defendant's motion for compassionate release if: (1) the defendant has complied

with the statute's administrative exhaustion requirement; (2) "extraordinary and

compelling" reasons warrant such a reduction; (3) the court has considered the factors set

forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any

applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §

3582(c)(1)(A). Because, as explained below, defendant has failed to establish any

extraordinary and compelling reason for compassionate release, the court need not

analyze any other elements, and the motion must be denied. *United States v. Ugbah*, 4

F.4th 595, 597 (7th Cir. 2021).

The court is only authorized to grant defendant's request if there exist

"extraordinary and compelling reasons" justifying his early release. Congress did not

define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this

task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission

defines this phrase in the commentary to § 1B1.13 of the United States Sentencing

Guidelines. There, the Sentencing Commission states that an extraordinary and

compelling reason warranting a reduction in a term of imprisonment may exist where, for

example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

Defendant is 43 years old. He suffers from sleep apnea, hypertension, high blood pressure, and hyperlipidemia. (DE # 373-1.) He argues that these conditions, plus the complications and dangers of COVID-19, constitute "extraordinary and compelling" reasons justifying compassionate release. (*Id.*)

The court acknowledges defendant's ailments. However, there is no evidence in the record indicating that defendant's relatively common health conditions are not well-controlled by medical care available to defendant while incarcerated, or that his ability to provide self-care while incarcerated is diminished. Defendant does not dispute that he has received and/or is using appropriate treatments, medications, and devices (including

3

prescription medications for hypertension and hyperlipidemia, as well as a C-PAP machine) for his conditions. In short, there is no evidence that defendant's medical ailments constitute extraordinary and compelling reasons justifying compassionate release.

The court further acknowledges the fact that many of defendant's medical conditions constitute comorbidities that place him at greater risk for contracting and suffering complications from COVID-19. However, the BOP offers COVID vaccines to all federal prisoners. *Ugbah,* 4 F.4th at 597. The record indicates that defendant has declined to receive a COVID vaccine. (DE # 385-1.) The Seventh Circuit has held that a prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.; United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

Further, defendant's institution, FCI Safford, has 1 current case of COVID in a population of over 600 inmates, and zero COVID-related deaths have occurred there. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (last visited Oct. 25, 2023). Though COVID is a health concern for individuals like defendant suffering from comorbidities, the relatively mild and controlled nature of these health concerns combined with a relatively low risk of COVID infection and the availability of vaccines lead this court to conclude that extraordinary and compelling reasons do not exist for compassionate release.

## III.    CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for

compassionate release (DE # 373).

<b>SO ORDERED.</b>

Date: October 25, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT